UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
COURT MINUTES

CHAPTER		7
DATE:			November 15, 2011
JUDGE:			Margaret Dee McGarity
CASE NO.:		11-29590-MDM
DEBTOR:		Wanda F. Pruitt
NATURE OF HEARING:	Hearing on order to show cause against Deron Coleman as to the appropriate value of services rendered and for further sanctions.
APPEARANCES:		Amy Ginsberg, Trial Attorney for United States Trustee
			Wanda F. Pruitt, Debtor
			Deron Coleman, Bankruptcy Petition Preparer
COURTROOM DEPUTY:	Carolyn A. Belunas
TIME:			10:27 - 11:47 am

## Testimony of Deron Coleman

Mr. Coleman is the petition preparer in this bankruptcy case and he currently resides at 5930 North 75th Street in Milwaukee, Wisconsin. He was also the principal of Credit University which was located at 5401 North 76th Street, Suite 101, in Milwaukee, Wisconsin. He broke that lease which was in the name of Credit University and he is unsure who is currently located at that address. He previously paid two office assistants, Janelle and Michelle, to help him prepare petitions. He did not recall their last names. He asserted he is just a typist and fills out the petition and schedules with information provided by his clients. He averages approximately $90-105 for preparing petitions. He said he would pick up the mail for Credit University at the Veterans Administrative building. He asserted the bankruptcy advertising flyer (Exhibit 1) was not for Credit University and he did not print or use this flyer, although it looks similar to his flyers. He said he used a 1-800 number in his business, but he does not recall what that number is. He does not remember advertising in the Red or Blue Book. He said obtained a lot of his information on how to prepare and file bankruptcy petitions and schedules from the Clerk's office help desk in Room 126 of this building. He alleged he does not know Gaynor Morrison.

He charged the Ms. Pruitt $175 for the preparation of her bankruptcy petition, schedules and matrix. Included in that fee was $35 for pre-petition credit counseling, $15 for the credit report, $45 for post-petition financial counseling, and he received the balance for his services. He stated he received all of the necessary information from Ms. Pruitt in order to fill out her petition and schedules. He said he advised her about filing an application for a waiver of the filing fee. He also said he did not advise her she could get the filing fee waived. He alleged he went through Ms. Pruitt's credit report and all of the schedules while she was sitting in front of him in his office. He signed the petition and disclosures, and prepared and emailed the matrix to the court.

## Testimony of Wanda F. Pruitt

Ms. Pruitt is the debtor in this bankruptcy case. She testified that Deron Coleman, on behalf of Credit University, prepared her bankruptcy petition and schedules. She recognized the 1-800 number on the bankruptcy advertising flyer (Exhibit 1), although she has never seen the flyer. She said the number on the flyer goes to Credit University and after she met with Deron Colman, she received the local phone number to Credit University. Her first meeting with Mr. Coleman was on June 2, 2011, and he did not ask her to bring anything with her. She paid Credit University a total of $205, which included $175 for the preparation of her petition and schedules, $30 for pre-petition counseling, and $15 to obtain her credit report. She obtained post-petition credit counseling outside of Credit University, and paid that company $40, which was supposed to be included in the $175. She filled out a budget worksheet and provided him with personal information and income, and she left his office. Her bankruptcy schedules were not completed until June 15, 2011, which is the same date she filed this bankruptcy case. She said that Mr. Coleman told her he was an attorney. Because her schedules did not include a Statement of Intention, and did not include the car creditor on the matrix, her vehicle was repossessed.

Exhibits 1 and 2 were admitted.

1

<u>Argument</u>
Ms. Ginsberg requested the court issue sanctions against Mr. Coleman, permanently enjoin him from being a bankruptcy petition preparer, and to disgorge his fees to the debtor for violations under § 110.

<u>Decision</u>
This court has jurisdiction under 28 U.S.C. § 1334;  This is a core proceeding.

The court is not satisfied the debtor received adequate services from Mr. Coleman.  The schedules were not filled out properly.  In addition, the debtor lost her vehicle due to the fact that there was no Statement of Intention filed in her case, and the creditor was omitted from the matrix.

The court ordered Deron Coleman, to refund to the debtor $205, within thirty (30) days from the date of this order, for failure to provide adequate services.

Mr. Coleman testified he does not know Gaynor Morrison.  The court noted that Ms. Pruitt's friend Catherine Frasier's schedules shows Gaynor Morrison as the petition preparer located at 5401 North 76th Street, Suite 101, Milwaukee, Wisconsin; the same address as Mr. Coleman.   According to Ms. Pruitt's testimony, her friend used the same 1-800 phone number that she used for Credit University.  Yet, Mr. Coleman testified he does not know Mr. Morrison.

The court ordered that Mr. Coleman be permanently enjoined from filing future bankruptcy cases as a petition preparer in the Eastern District of Wisconsin.  Since Mr. Coleman appeared today, he is discharged of his responsibility under the order to show cause and no further sanctions will be issued.

Ms. Ginsberg will submit an order.

The court will reopen this case administratively to enter the court minutes and order resulting from today's hearing.